# Edward Kelly, Plff. in Err., *v.* Humboldt Fire Insurance Company.

As a general rule, where the consideration is entire and single, the contract must be held to be entire, although the subject may consist of many distinct and wholly independent items.

A contract of insurance, in consideration of a gross sum, insuring sev-

NOTE.—It has been uniformly held that the insurance of several buildings under one policy for a gross sum constitutes an entire contract, and a violation of a condition as to a part avoids the policy as to all (Fire

eral buildings for a certain amount separately on each building, is an entire and not a severable contract; and an act done in violation of the condition of the policy, after the making of the contract, in one of the buildings insured, avoids the policy as to the whole.

(Decided November 15, 1886.)

Argued October 25, 1886, before GORDON, TRUNKEY, STER-RETT, GREEN, and CLARK, JJ. October Term, 1886, No. 25, W. D. Error to Common Pleas No. 2 of Allegheny County to review a judgment on a verdict for defendant in an action of debt on a policy of insurance. Affirmed.

The facts are chiefly stated in the opinion of the supreme court. The policy of insurance contained the following clause: "This policy shall become void, unless consent in writing is indorsed by the company hereon, . . . if any building herein described be or become vacant or unoccupied for the purposes indicated in this contract."

The jury returned a special verdict for the plaintiff, finding, *inter alia,* that one of the houses was vacant when the fire occurred; the verdict being subject to the opinion of the court on the reserved questions, to wit: 1, whether, under the policy and pleadings and these facts, the plaintiff can recover at all; and 2, whether the plaintiff can recover on one or more of the buildings the amount of the policy on such, if no recovery can be had on the other; and if there can be a partial recovery, the court to mould the verdict accordingly.

The court, WHITE, J., entered judgment for the defendant *non obstante veredicto.*

The assignments of error specified the action of the court: 1, in entering judgment for the defendant; 2, in not entering judgment for the plaintiff for the sum of $2,000, with interest,

Asso. v. Williamson, 26 Pa. 196; Gottsman v. Pennsylvania Ins. Co. 56 Pa. 210, 94 Am. Dec. 55) ; or in the insurance of realty and personalty by one contract (Ibid). But a mere insurance of separate buildings at the same time, separate policies being taken, will not make the contract entire. Franklin F. Ins. Co. v. Brock, 57 Pa. 74. A payment of loss upon one building insured under an entire contract does not waive defects as to the remaining property. Elliott v. Lycoming County Mut. Ins. Co. 66 Pa. 22, 5 Am. Rep. 323. Nor is the defect waived because the insurer treated the policy as valid after the first loss. Ward v. Lebanon Mut. Ins. Co. 10 W. N. C, 518.

being the amount of the insurance on the two buildings.; 3, in holding that the contract of insurance was entire; 4, in not holding that the policy was several and distributive.

*Carnahan & Son* and *H. T. Watson,* for plaintiff in error.— The alienation of one of several estates separately insured by the same policy avoids the policy as to the estate alienated. Flanders, Fire Ins. 425; Angell, Fire & Life Ins, § 193; Emerigon, Ins. by Meredith, 235; Hartford F. Ins. Co. v. Walsh, 54 Ill. 164, 5 Am. Rep. 117; Loehner v. Home Mut. Ins. Co. 17 Mo. 247, 19 Mo. 628, 2 Mo. 126; Clark v. New England Mut. F. Ins. Co. 6 Cush. 342, 53 Am. Dec. 44.

Merrill v. Agricultural Ins. Co. 73 N. Y. 452, 29 Am. Rep. 184, after an exhaustive discussion, decides that such a contract is severable.

In Gottsman v. Pennsylvania Ins. Co. 56 Pa. 210, 94 Am. Dec. 55, false representations were made as respected encumbrances, at the time the application was made, which vitiated the whole contract. Judge THOMPSON, in placing the decision upon the ground that the contract is entire and not severable, misapprehended the doctrine of his quotation from 2 Parsons on Contracts, p. 31. As appears by note *z,* the authority on which the text in Parsons is founded is Miner v. Bradley, 22 Pick. 457.

In that case the defendant put up at auction a certain cow and 400 pounds of hay, both of which the plaintiff bid off for $17, which he paid at the time. He then received the cow and afterwards demanded the hay, which was refused by the defendant who had used it. The action was brought to recover the value of the hay. In the text Judge PARSONS was speaking of an indivisible consideration (and the $17 bid for the cow and hay together was such) and fully supported the doctrine of the text.

But as stated by Judge MORTON in Miner v. Bradley, if separate sums had been bid for the cow and the hay, and together amounting to $17, no matter how the transaction appeared in the bill of the auctioneer, the contract was severable.

In Friesmuth v. Agawam Mut. F. Ins. Co. 10 Cush. 590, and Brown v. People's Mut. Ins. Co. 11 Cush. 280, there was fraud and misrepresentation at the inception of the contract.

In the case of Fire Asso. v. Williamson, 26 Pa. 196, the fire

resulted from prohibited articles causing the destruction of all of the buildings, and the question of entire or several contract was not involved.

*Schoyer & Harrison* and *S. Schoyer, Jr.,* for defendant in error.—The case of Clark v. New England Mut. F. Ins. Co. 6 Cush. 342, 53 Am. Dec. 44, is condemned in Wood on Fire Ins. § 165.

Policies similar to this were held entire and not severable in Fire Asso. v. Williamson, 26 Pa. 196, and Gottsman v. Pennsylvania Ins. Co. 56 Pa. 210, 94 Am. Dec. 55.

Where the condition of a policy of insurance is unambiguous and reasonable, the insured cannot escape compliance with the terms by showing good faith and an honest although unsuccessful effort to comply therewith. McClure v. Watertown F. Ins. Co. 90 Pa. 277, 35 Am. Rep. 656; Commonwealth Mut. F. Ins. Co. v. Huntzinger, 98 Pa. 41; Pottsville Mut. F. Ins. Co. v. Fromm, 100 Pa. 355.

In Long v. Beeber, 106 Pa. 470, 51 Am. Rep. 532, a tenant in possession, without the knowledge of the insured, as alleged, placed a steam threshing machine in proximity to the barn, and thereby broke his warranty. The policy was thus avoided.

In Pottsville Mut. F. Ins. Co. v. Horan, 89 Pa. 438, neglect to mention the existence of a carpenter shop on the premises at the time of the application, and the erection—after insurance —of a new building by the assured on an adjoining lot, without notice to the company, avoided the policy.

And in Manufacturers & M. Ins. Co. v. Kunkle, 6 W. N. C. 234, and Seybert v. Pennsylvania Mut. F. Ins. Co. 103 Pa. 282, it makes no difference though the fire was not caused by the increased risk.

In Friesmuth v. Agawan Mut. F. Ins. Co. 10 Cush. 590; Brown v. People's Mut. Ins. Co. 11 Cush. 280; Kimball v. Howard F. Ins. Co. 8 Gray, 38; Lee v. Howard F. Ins. Co. 3 Gray, 583; Lovejoy v. Augusta Mut. F. Ins. Co. 45 Me. 472, and Richardson v. Maine Ins. Co. 46 Me. 394, 74 Am. Dec. 459, the contract was held entire.

Miner v. Bradley, cited in Gottsman v. Pennsylvania Ins. Co. 56 Pa. 210, 94 Am. Dec. 55, decided that an entire consideration makes an entire contract.

OPINION BY MR. JUSTICE TRUNKEY:

In consideration of $48 the plaintiff was insured by the defendant against loss by fire to the amount of $2,400; $2,000 on his two connected dwelling houses, "$1,000 separately on each building," and $400 on a dwelling house in the rear of the first described buildings. The consideration is entire and the buildings are insured together for a gross sum, though a separate valuation is put on each. Had only one of the buildings been burned the plaintiff could not recover damages exceeding its valuation.

The plaintiff, admitting that the vacancy of the house on the alley avoided the policy as to that house, contends that the policy continued in force as to the other buildings. This depends on the terms of the contract, whether entire or severable. As a general rule, where the consideration is entire and single the contract must be held to be entire, although the subject may consist of many distinct and wholly independent items.

The leading case on which the plaintiff relies to take this policy out of the operation of that rule, is Merrill v. Agricultural Ins. Co. 73 N. Y. 452, 29 Am. Rep. 184, where it was held that a contract of insurance, upon several separate and distinct classes of property each of which is separately valued, in consideration of a premium in gross on the sum total of the valuation, is severable; and a breach of the conditions may avoid the policy as to one of the items, but not affect it as to the others. FOLGER, J., in an able opinion, remarks that upon the question there has been a contrariety of opinion, cites conflicting rulings in other states, and adds: "In such case, we must learn whether there are adjudications in our own state authoritative upon us, or to what conclusion the reason of the case will lead us."

Turning to the decisions of our own state we find that the precise points now discussed have been decided, namely: that such a contract of insurance as the one on which this suit is founded is entire; and that an act done in violation of the condition of the policy, after the making of the contract, in one of the buildings insured avoids the policy as to the whole.

Where, in consideration of $30, property was insured for $2,000, of which $500 was on barn and stable, and $1,500 on personalty in a hotel, it was held that the contract of insurance was entire, and not severable. THOMPSON, Ch. J., in an elaborate opinion, reached the conclusion, upon principle and au-

thority, that a violation of the condition with reference to the realty, avoided the policy as to both personalty and realty. Gottsman v. Pennsylvania Ins. Co. 56 Pa. 210, 94 Am. Dec. 55.

In Fire Asso. v. Williamson, 26 Pa. 196, the policy, for a single premium, covered three distinct but adjoining buildings, to the amount of $666.66⅔ on each. After the insurance, one of the buildings was changed to a grocery store in which, without the knowledge of the assured, the tenant put and kept a keg of gunpowder. The keeping of the gunpowder was in violation of a condition of the policy, which provided that for such violation the policy should be void. It was decided that the contract was entire, and that no recovery could be had for the damage done to the other two houses, though nothing had been done in them to vitiate the policy.

Those cases cover all the points in the present case and are authorities. It would be possible to overrule them, but not to distinguish this so as to take it out of their doctrine. Those cases were not decided without reason or consideration. The doctrine is considered in Wood on Fire Ins. p. 384, § 165, where, after referring to the ruling in Clark v. New England Mut. F. Ins. Co. 6 Cush. 342, 53 Am. Dec. 44, it is said:

"It is difficult to understand how it can be held that these contracts are several when a gross premium is paid for the entire insurance. The court cannot say as a matter of law, neither can the fact be shown, that the insurer would have been satisfied to take the risk separately at the same premium. By consenting to pay a gross premium for the insurance, the assured has signified his willingness to let the policy stand as an entire contract, subject in all its parts to the condition imposed by the insurer, and there is neither reason nor equity in permitting the assured, after he has violated one of the conditions of the policy as to a part of the risk, to turn around and say that this condition only affected that portion of the risk to which the breach related."

Judgment affirmed.